```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


THERESA PURPERA FLINT, ET AL
                                        CIVIL ACTION
VERSUS
                                        NUMBER 10-113-RET-SCR
JALIN, INC., ET AL
```

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 16, 2010.

```
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THERESA PURPERA FLINT, ET AL

CIVIL ACTION

VERSUS

NUMBER 10-113-RET-SCR

JALIN, INC., ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by the plaintiffs. Record document number 4. The motion is opposed.[1]

Plaintiffs in this wrongful death action filed a Petition for Damages in state court alleging injuries and damages resulting from the death of Clinton H. Flint in an accident on Louisiana Highway 1 in January 2009.[2] Plaintiffs alleged that a tractor-trailer which was owned by defendant Jalin, Inc. and operated by its employee defendant Robert Earl McPeak, was pulling a load which struck Flint's vehicle and killed him instantly. Plaintiffs alleged negligence on the part of McPeak, as well as negligence on the part of defendants Gerald Engel and Ray Palmer, who were escorting the tractor-trailer being driven by McPeak.[3]

Plaintiffs further alleged that Jalin had obtained an oversize

---

[1] Record document number 5.

[2] Plaintiffs are the surviving spouse and children of Flint.

[3] Record document number 1-1, Petition for Damages for Wrongful Death (hereafter, Petition), ¶¶ 6-11.

2

load special permit from the remaining named defendant, the State of Louisiana Department of Transportation (LaDOTD).  This permit authorized Jalin to haul the oversized load on a designated route.  The designated route did not include the area where the accident occurred.[4]  Plaintiffs claimed that defendant LaDOTD was negligent by: (1) failing to properly regulate civilian escorts; (2) failing to provide proper escorting procedures; and, (3) failing to provide higher standards for the issuance of escort permits.[5]

Defendants removed the case based on diversity jurisdiction and the alleged improper joinder of defendant LaDOTD.[6]  Defendants alleged that naming LaDOTD as a defendant is an effort to defeat diversity jurisdiction because state law establishes that the plaintiffs cannot assert a negligence cause of action against the department in connection with the discretionary act of issuing a special permit.  The state laws cited in the Notice of Removal were

---

[4] *Id.*, Petition, ¶¶ 10 and 11.

[5] *Id.*, ¶ 11.3.a-c.

[6] In an action where a state is a party there can be no federal jurisdiction on the basis of diversity because a state is not a citizen for purposes of diversity jurisdiction.  The presence of the state as a party may be disregarded only if the state is a nominal party with no real interest in the dispute.  *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006).
   Plaintiffs are citizens of Louisiana and Idaho, and defendant Jalin, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  Petition, ¶ 1; record document number 1-2, Corporate Disclosure Statement.  McPeak and Engel are also citizens of Arkansas and Palmer is a citizen of Missouri.  It is apparent on the face of the Petition, and the plaintiffs do no contest, that the amount in controversy satisfies the jurisdictional amount.

LSA-R.S. 32:387 and LSA-R.S. 9:2798.1.

Plaintiffs moved to remand on ground that the defendants cannot establish the improper joinder of defendant LaDOTD. Plaintiffs asserted that the defendants cannot meet their burden of establishing that they have no cause of action in negligence against LaDOTD. However, the defendants argued that based on the allegations contained in the plaintiffs' Petition, the plaintiffs have no possibility of recovery against the LaDOTD because of the immunity provided in R.S. 32:387 and R.S. 9:2798.1.

### **Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied,* 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits

of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, it means that here is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law of general negligence, Louisiana Civil Code Article 2315, and the statutes related to the liability of the state for policymaking and discretionary acts, and for issuing special permits for the operation of vehicles that are in excess of the dimensions/weights established by state law.  These statutes provide as follows:

> D.  Neither the state nor the department shall incur any liability of any nature whatsoever to any permittee or any other person arising from the use of a special permit.  Every special permit is issued upon the condition that the permittee accepts and uses it at his own risk, even though the directions and instructions of the secretary and particularly such instructions and requirements as those relating to routing, are faithfully complied with.

LSA-R.S. 32:387.D.

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

LSA-R.S. 9:2798.1.B.

### Analysis

In support of their motion the plaintiffs reiterated their allegations in the Petition and argued that they are sufficient to state a cause of action against the LaDOTD for negligently issuing the permit to haul the oversized load.  Plaintiffs argued further that the immunity statute on special permits is not applicable

because it does not exempt the state from liability for its own negligence in issuing a special permit. For this argument the plaintiffs relied on the decision in *Ronald Adams Contractor, Inc. v. State Dept. of Trans.& Dev.,* 625 So.2d 178 (La. App. 1 Cir. 1993), *writ denied*, 625 So.2d 178 (La. 1993). With regard to discretionary act immunity, the plaintiff contended that whether the state has this type of immunity cannot be determined from the allegations in the petition or a summary proceeding, because it is a question of fact that must be resolved at trial.

Defendants essentially argued that the plaintiffs failed to allege any facts from which the court could find that the plaintiffs have a reasonable basis for recovery against the LaDOTD. Defendants asserted that the facts of the First Circuit case cited by the plaintiffs are clearly distinguishable from the circumstances in this case, and that the Louisiana courts have specifically held that the issuance of a statutory permit is a discretionary act covered by R.S. 9:2798.1.

Defendants' arguments are persuasive. First, while the plaintiffs argued that they have alleged a claim for negligent permit issuance, the only reasonable conclusion from a review of their Petition is that the plaintiffs' have merely a theoretical possibility of recovery against LaDOTD based on such a theory. The Petition is devoid of any alleged conduct on the part of LaDOTD that could constitute negligent issuance of a permit. The

allegations against LaDOTD in paragraph 11.3.a-c of the Petition are purely conclusory.[7] This lack of any alleged factual support leaves the court with no reasonable basis to predict that the plaintiffs might be able to recover against LaDOTD.

Furthermore, it is apparent from the facts that are alleged in the Petition that the immunity afforded LaDOTD under R.S. 32:387.D. would be applicable. Plaintiffs cited and relied on the *Ronald Adams Contractor* decision, but this case does not support the plaintiffs' position. In analyzing the immunity afforded by R.S. 32:387.D, the First Circuit court observed that one obvious purpose of the law was to protect the state from being held liable to persons injured at the hands of a permit holder who the state had given the authority to act by issuing the permit. The court further analyzed the statute to conclude that it was not designed to exempt the state from liability for its own negligence in researching and issuing a permit. The court stated that the plaintiff was not a third person alleging injury due to the negligence of a permit holder, but a permit holder suing for negligence because it had complied the permit as issued by the LaDOTD and was damaged as a result. Based on this analysis and the

---

[7] Plaintiffs asserted in their memorandum that they have met their burden of showing a reasonable basis for recovery by alleging that LaDOTD had a duty to regulate civilian escorts by providing proper escort procedures and higher standards for the issuance of permits. Record document number 4, supporting memorandum, p. 5. Plaintiffs did not cite any statute or case law that establishes such a duty.

facts alleged the court found the claim did not fall within the scope of the immunity provision and the plaintiff had stated a claim for negligent issuance of a permit.

The facts alleged in this case are opposite to the circumstances alleged in *Ronald Adams Contractor*. Neither the plaintiffs or the decedent in this case were issued a special permit by the state. According to the facts that are alleged, the plaintiffs were injured by actions occurring during the use of the permit by the permittee which, at the time of the accident, was not following the instructions in the permit.[8]

Based on the statute and the decision relied on by the plaintiffs, there is no ambiguity in the controlling state law. Plaintiffs in this case fall in the category of "any other person" under the statute. Therefore, the claim against LaDOTD comes within the provision that gives immunity to the state and its transportation department against "any liability of any nature whatsoever to ... any other person arising from the use of a

---

[8] Plaintiff in *Ronald Adams Contractor* alleged that the department issued the permit based on a set of measurements the plaintiff obtained from the custodian of the equipment. However, when the plaintiff's driver showed up to haul the equipment he discovered the measurements given to obtain the permit were incorrect. Plaintiff called the special permits department and gave them the correct measurements. The employee in the permit section told the plaintiff that the new height was permissible on the same highways covered in the original permit, to reflect the change in the permit issued, and to proceed with the transport.

special permit."[9]

Defendants have demonstrated that defendant LaDOTD was improperly joined and the motion to remand should be denied.

## **Recommendation**

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiffs be denied.

Baton Rouge, Louisiana, April 16, 2010.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] Improper joinder on these grounds makes it unnecessary to analyze the defendants' other argument based on immunity for policymaking/discretionary acts in LSA-R.S. 9:2798.1.