UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THERESA PURPERA FLINT, ET AL.

VERSUS

JALIN, INC., ET AL.

CIVIL ACTION

NO. 10-113-BAJ-SCR

RULING AND ORDER

Before the Court is Plaintiffs' **Motion for New Trial, Or in the Alternative, Motion to Amend Judgment (Doc. 64)**, filed by Theresa Pupera Flint, Kevin Dale Flint, Gretchen Flint, Marty Flint, and Terri Flint (collectively, "Plaintiffs"), seeking an order from this Court for a new trial under Federal Rule of Civil Procedure ("Rule") 59, or alternatively, for relief under Rule 60. Defendant Gerald Engel ("Engel") opposes the motion. (Doc. 67). Defendants Jalin, Inc. ("Jalin") and Robert Earl McPeak ("McPeak") also oppose the motion. (Doc. 68).

I. **Background**

Plaintiffs filed the instant personal injury action seeking recovery of damages as a result of the alleged wrongful death of their father, Clinton Flint ("Flint"). (Doc. 1). The matter was tried before an eight-member jury beginning on March 17, 2014, and concluding on March 20, 2014, with a jury verdict in favor of Defendants. This Court entered a Judgment on March 24, 2014, and an Amended Judgment on March 31, 2014. (Docs. 62, 63). Plaintiffs filed the instant motion on April 21, 2014. (Doc. 64). Accordingly, the motion is timely filed. *See* Fed. R. Civ. P. 59(b) ("A

motion for a new trial must be filed no later than 28 days after the entry of judgment.").

## II. Discussion

Rule 59 provides that a new trial may be granted "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). Plaintiffs advance three arguments in support of their motion. Each will be considered in turn.

First, Plaintiffs contend that they were the victims of unfair surprise because they were not made aware until closing argument that a statement given on the date of the incident was taken by an attorney who worked for defense counsel. (Doc. 64 at p. 2). In opposition, Defendant Engel clarifies that "there were no new issues raised and no unidentified expert witnesses" called to testify, and thus, Plaintiffs cannot show prejudice or unfair surprise simply because they were unaware of who took a recorded statement. (Doc. 67 at p. 2). Defendants Jalin and McPeak contend

that any surprise resulted from Plaintiffs' own inadvertence, and highlight that "the statement's preamble" clearly indicated who secured the statement. (Doc. 68 at p. 3) (citing Plaintiffs' Exhibit 48). The Court agrees. The statement's preamble clearly indicates that Rene Paysse took the statement. (Plaintiffs' Exhibit 48). Indeed, the statement begins, "Mr. Robert McPeak, my name is Rene Paysse and I've been retained . . . on behalf of your employer, Jan Payne d/b/a Jalin, Inc." (*Id.* at p. 1). Further, Rene Paysse was listed as counsel of record for Jalin and McPeak since the Notice of Removal was filed on February 17, 2010. (*See* Doc. 1 at p. 5). Accordingly, the Court finds that Plaintiffs were not the victims of unfair surprise, in that they were provided the statement during discovery, and thus, a new trial is not warranted on these grounds.

Plaintiffs' second contention is that the verdict was contrary to the weight of the evidence because Defendants were "not in a place where they should have been, failed to see what they should have seen, and failed to take the appropriate precautions under the circumstances." (Doc. 64 at p. 2). Moreover, Plaintiffs assert that there was no evidence adduced that Flint was speeding, or that he was outside of his travel lane. (*Id.*). In opposition, Defendants dispute Plaintiffs' assessment of the sufficiency of the evidence. (Doc. 67 at p. 2, Doc. 68 at p. 4).

Neither party addresses whether state or federal law provides the standard for reviewing the sufficiency of the evidence on a Rule 59 motion where the court is sitting in diversity. Though the federal standard and that of Louisiana are roughly equivalent, for clarity, the Court notes that a Court must apply state law in a Rule

59 challenge to the adequacy of the evidence in diversity cases. *See Foradori v. Harris*, 523 F.3d 477, 497-98 (5th Cir. 2008). Accordingly, under Louisiana law, "[a] new trial shall be granted . . . when the verdict or judgment appears clearly contrary to the law and the evidence."[1] La. Code Civ. P. art. 1972(1). "The trial court's discretion in ruling on a motion for new trial is great," *Davis v. Wal–Mart Sores, Inc.*, 2000–0445 (La.11/28/00), 774 So.2d 84, 93, and "the court can evaluate the evidence, draw it's [sic] own inferences and conclusions, and determine whether the jury 'erred in giving too much credence to an unreliable witness.'" *Fair v. Allen*, 669 F.3d 601, 605 (5th Cir. 2012) (quoting *Joseph v. Broussard Rice Mill, Inc.*, 2000–0628 (La.10/30/00), 772 So.2d 94, 104)). However, the Louisiana Supreme Court has cautioned:

> The fact that a determination on a motion for new trial involves judicial discretion, however, does not imply that the trial court can freely interfere with any verdict with which it disagrees. The discretionary power to grant a new trial must be exercised with considerable caution. Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury's responsibility. A motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light. Thus, the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence.

*Davis*, 774 So.2d at 93 (quoting *Gibson v. Bossier City Gen. Hosp.*, 594 So.2d 1332 (La. App. 2 Cir. 1991)). Stated differently, "[t]he scales are clearly tilted in favor of the survival of the jury's verdict."

---

[1] In federal question cases, the court will not grant a party's motion for a new trial on evidentiary grounds unless "the verdict is against the great weight of the evidence." *Pryor*, 138 F.3d at 1026 (citing *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986)).

4

Here, the jury found that Flint was one-hundred percent at fault for the accident. (*See* Doc. 61 at p. 2). After considering the evidence adduced at trial, and with this extremely deferential standard in mind, the Court finds that "the jury's verdict should not be set aside," because it is "supportable by any fair interpretation of the evidence." *Davis*, 774 So.2d at 93 (citation omitted). While Plaintiffs are correct that there was no evidence that Flint was speeding, there was testimony that he never slowed down, and that there were no skid marks on the road. Similarly, while there may have been no evidence that Flint was outside his lane of travel, there was testimony that the oversized load was visibly marked, and despite passing several escort vehicles, Flint neither yielded to the load when it was crossing the bridge, nor made any evasive maneuvers in an attempt to avoid the load. Further, Plaintiffs' contention that Defendants "were not in a place where they should have been," is a red herring. The mere fact that Defendants were off-route does not amount to negligence, and nonetheless, there was credible evidence that explained the deviation from the designated route. Finally, there was ample testimony to refute Plaintiffs' remaining contentions that Defendants "failed to see what they should have seen, and failed to take the appropriate precautions under the circumstances."

Given this and other testimony, a rational jury could certainly have reached the conclusion that the jury reached in the instant case, especially in light of the fair and reasonable inferences and credibility decisions which the evidence justified. Moreover, Plaintiffs do not provide a convincing argument that any or all of the

asserted deficiencies could deprive the jury's verdict of an adequate evidentiary basis. Accordingly, Plaintiffs' motion for new trial must fail.

Plaintiffs' final contention is that Officer Shael Stringer ("Stringer") improperly testified to "an ultimate issue of fact," which was contrary to Rule 704 of the Federal Rules of Evidence, in that Stringer was a lay witness and not qualified to offer opinion testimony. (Doc. 64 at p. 2). In opposition, Defendants highlight that Stringer's accident report was offered into evidence by Plaintiffs in its entirety at trial, without redaction, and Stringer was merely questioned about that same un-redacted report. Moreover, the Court provided a limiting instruction, which informed the jurors that they alone, not Stringer, were the arbiters of fault. (Doc. 67 at p. 2; Doc. 68 at pp. 4-5).

Plaintiffs are correct that Rule 704 was not intended to allow a witness to offer legal conclusions. *See United States v. Fogg*, 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied*, 456 U.S. U.S. 906 (1982). However, Plaintiffs' use of Rule 704 is misplaced. Stringer, Plaintiffs' own witness, was never asked to provide opinion testimony. He was simply questioned about the contents of the report he authored – a report which was moved into evidence by the Plaintiffs in its entirety, without redaction.[2] Nonetheless, the at the close of testimony, the Court provided a curative instruction to the members of the jury that they alone were the judges of the facts,

---

[2] It bears noting that although counsel for Plaintiffs asked to approach the bench prior to Stringer's answering the question, counsel did not object after Defendants questioned Stringer about his reasons for listing a particular vehicle as "Vehicle 1" on the accident report. Nor did counsel ask the Court to note his objection during the bench conference discussing the substance of defense counsel's cross-examination. Thus, even if Plaintiffs' contention was meritorious, they have failed to preserve an objection to Stringer's response that he usually listed the person he determined was at fault for the accident as "Vehicle 1," which in the instant case was Flint.

6

and that they should not surrender their judgment to any witness with respect to the issues in the case. Moreover, as the fact-finders, they were obligated to independently evaluate the evidence, but with the freedom to accept or reject the testimony of any witness, in whole or in part, as they deemed appropriate.

Failure to prepare one's own witness does not constitute unfair surprise, nor do the consequences of such a failure demonstrate prejudice. Therefore, Plaintiffs' contention they are entitled to new trial on the basis of Stringer's testimony is without merit.

For the foregoing reasons, Plaintiffs' Motion for a New Trial, Or in the Alternative, Motion to Amend Judgment (Doc. 64) is **DENIED**.

Baton Rouge, Louisiana, this \_\_9th\_\_ day of February, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**